IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUTFORT DIVISION

| | |
|---|---|
| Kevin Smith a/k/a Bar-None-Royal Blackness, </br></br> Plaintiff, </br></br> vs. </br></br> Bryan Stirling, *Director South Carolina Dept of Corr*; Joel Anderson, *Deputy Director Operations SCDC*; Coal Rushton, *Supervisor-Security SCDC*; Charles Williams, *Warden-Perry-Corr-Inst*, </br></br> Defendants. | Civil Action No. 9:20-cv-2359-TMC </br></br> **ORDER** |

Plaintiff Kevin Smith, a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On June 22, 2020, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (ECF No. 3). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court deny Plaintiff's motion to proceed *in forma pauperis* and dismiss the case if Plaintiff fails to pay the filing fee. (ECF No. 10). Plaintiff filed objections to the Report, (ECF No. 12), and this matter is now ripe for review.

**BACKGROUND**

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. (ECF No. 10 at 2–6). Briefly, as the magistrate judge

1

correctly noted, *see id*. at 10, the Prison Litigation Reform Act of 1996 ("PLRA")[1] limits the number of civil actions a prisoner can file without prepayment of the filing fees, known as the Three-Strikes Rule. *See* 28 U.S.C. § 1915(g); *see also Jones v. Bock*, 549 U.S. 199, 203–04 (2007). The Three-Strikes Rule provides, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724 (2020) (clarifying that a dismissal without prejudice for failure to state a claim qualifies as a strike under § 1915(g)). Thus, a prisoner may avoid the Three-Strikes Rule under § 1915(g) by prepaying the filing fee in full; however, the screening requirements of § 1915A apply to all civil lawsuits brought by prisoners seeking relief against a governmental entity or any officer or employee thereof.

The magistrate judge found that Plaintiff has filed twenty civil, non-habeas cases in this court, at least three of which constitute strikes under the PLRA. (ECF No. 10 at 3–4 (citing 0:97-cv-1918—summary judgment granted for defendants and action dismissed as frivolous; 0:97-cv-1201—same; and 0:97-cv-0051—summarily dismissed as malicious and frivolous under 28 U.S.C. § 1915(e)(2)(B)).

Consequently, the magistrate judge found that Plaintiff cannot proceed *in forma pauperis* unless his claims could establish the exception for imminent physical harm under the Three-Strikes rule. *Id*. at 4 (citing 28 U.S.C. § 1915(g); *Lomax*, 140 S. Ct. at 1723; Blakely v. Wards, 738 F.3d 607, 609 (4th Cir. 2013); *Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006)). As the magistrate

---

[1] Pub. L. No. 104–134, 110 Stat. 1321–71 (1996).

judge properly noted, in order to invoke the "imminent danger" exception to § 1915(g), an "inmate must make specific fact allegations of *ongoing* serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (ECF No. 10 at 5 (quoting *Johnson v. Warner*, 200 Fed. App'x 270, 272 (4th Cir. 2006))). Thus, "[t]o satisfy the imminent danger element, Plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to [the Three-Strikes Rule]." *Id*. at 4–5.

Applying this standard, the magistrate found that there are no allegations in the Complaint suggesting Plaintiff is in any imminent danger. *Id*. at 4, 5–6. Specifically, the magistrate judge noted that Plaintiff's only claim asserts that the South Carolina Department of Corrections' ("SCDC") grooming and hair-length policies violate the Eighth Amendment by subjecting Plaintiff to possible disciplinary action and "unnecessary and wanton inflictions of pain." *Id*. at 5; *see also* (ECF No. 1 at 5–6, 8). The magistrate judge found that, based on this claim, Plaintiff "has not alleged any facts to establish imminent danger of serious physical injury." (ECF No. 10 at 5). Additionally, the magistrate judge noted that, to the extent Plaintiff alleges that the policies may result in his placement in a housing unit with mentally ill inmates suffering from, and putting him at risk of contracting, the COVID-19 coronavirus, "such a speculative claim fails to allege a claim of *imminent* danger of serious physical injury." *Id*. at 6 (emphasis added) (citing *Johnson v. Wilcher*, No. CV420-089, 2020 WL 2064935, at *2 (S.D. Ga. Apr. 28, 2020) (holding the imminent danger exception did not apply based on general fear of contracting COVID-19); *Littlejohn v. Whitmer*, No. 2:20-CV-39, 2020 WL 1685310, at *3 (W.D. Mich. Apr. 7, 2020) (imminent danger exception not met where conditions of confinement did not place plaintiff at any

3

greater risk than the general public and plaintiff failed to allege a particularized risk of imminent physical harm)).

Accordingly, the magistrate judge concluded that Plaintiff's motion to proceed *in forma pauperis* is barred by the Three-Strikes Rule and recommends the motion be denied. *Id*. at 6.

Plaintiff raises only one objection to the Report. *See* (ECF No. 12). Specifically, Plaintiff objects to the magistrate judge's conclusion that his claims do not meet the imminent danger exception of the Three-Strikes Rule. *See id*. at 2. This matter is now ripe for review.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726

(D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## DISCUSSION

As noted above, Plaintiff's only objection to the Report asserts that the magistrate judge erred in concluding that his claims fail to establish the imminent danger exception to the Three-

Strikes Rule. *See* (ECF No. 12 at 2). In making this argument, Plaintiff repeats the allegations in his Complaint that the grooming and hair-length policies will subject him to sanctions including possible placement with mentally ill inmates who have or may contract COVID-19, "the throwing of feces, blood and urine, constant screaming, vermin infested cell, and 24 hour cell illumination[.]" *Id*. at 2; *see also* (ECF No. 1-1 at 1–2). Plaintiff also cites to this court's ruling in Plaintiff's prior case, *Smith v. Ozmint*, C.A. No. 0:07-3644-PMD-BM, 2008 WL 1883200, at *4 (D.S.C. Apr. 23, 2008), to argue that this court has already found the imminent danger exception to be met by such claims. (ECF No. 12 at 2).

       The court finds Plaintiff's reliance on *Smith v. Ozmint* misplaced. In *Ozmint*, the court did find that claims regarding exposure to mentally-ill and unhygienic prisoners and 24-hour cell illumination fit within the imminent danger exception, *see* 2008 WL 1883200, at *4 (allowing Plaintiff to proceed on claims 3 and 5 "as they fit within the exception"); however, the claims in that case alleged that Plaintiff had suffered and *was currently suffering* from these conditions, *see Ozmint*, No. 0:07-3644-PMD-BM (D.S.C. Dkt. No. 1 at 16–17, 17–18). In this case, however, Plaintiff merely claims that he *may* be subject to these conditions as sanctions for failure to comply with SCDC's grooming and hair-length policies. *See* (ECF No. 1). The magistrate judge correctly found that such claims are too speculative to establish an imminent danger of physical harm. (ECF No. 10 at 6); *see Johnson*, 200 Fed. App'x at 272 ("Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of *ongoing* serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" (emphasis added)). Accordingly, Plaintiff's objection is without merit and is overruled.

Thus, having thoroughly reviewed the Report and finding no clear error, the court agrees with, and **ADOPTS**, the magistrate judge's findings and recommendations in the Report (ECF No. 10), which is incorporated herein by reference. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is hereby **DENIED**. Plaintiff is **ORDERED** to pay the filing fee of four hundred dollars ($400.00) within twenty-one (21) days from the date of this Order. Furthermore, Plaintiff shall be on **NOTICE** that if he fails to pay the filing fee within the time granted, this case will be **DISMISSED** *without prejudice* pursuant to the Three-Strikes Rule of 28 U.S.C. § 1915(g). Accordingly, the Clerk of Court is directed to enter the required final judgment at the close of the twenty-one-day period if the filing fee has not been paid. If Plaintiff pays the required fee within the time allotted, this action shall be sent back to the magistrate judge for further review.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
February 9, 2021

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.